IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                        NO.  4:25-CR-035-O

JEFFREY LEE RESENDEZ (01)

## PLEA AGREEMENT WITH APPELLATE RIGHTS WAIVER

Defendant Jeffrey Lee Resendez, the defendant's attorney, and the United States

of America (the government) agree as follows:

1.    **Rights of the defendant**: The defendant understands that the defendant

has the rights:

     a.    to plead not guilty;
     b.    to have a trial by jury;
     c.    to have the defendant's guilt proven beyond a reasonable doubt;
     d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and
     e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**: The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 922(a)(1)(A), § 923(a), and § 924(a)(1)(D), that is, Dealing in

Firearms Without a License.  The defendant understands the nature and elements of the

crime to which the defendant is pleading guilty, and agrees that the factual resume the

defendant has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose include:

     a.    imprisonment for a period not to exceed five (5) years;

Plea Agreement—Page 1

b.    a fine not to exceed $250,000;

c.    a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

d.    a mandatory special assessment of $100;

e.    restitution to victims or to the community; and

f.    forfeiture of firearms and ammunition

4.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court,

but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.   **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.   **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8.   **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

a.  The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

b.  The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

c.  The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9.    **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, including, but not limited to, the following:

- Taurus International, model Millennium G2, 9x19mm caliber pistol, bearing serial number TJS53782;
- Maverick Arms, model 88, 12 gauge shotgun, bearing serial number MV0645910;
- Smith & Wesson, model M&P 15-22, .22 LR caliber rifle, bearing serial number DYZ6835;
- Aero Precision LLC, model M4-Carbine, 5.56x45 caliber pistol, bearing serial number X0003206;
- Aero Precision LLC, model M5, .308 Winchester caliber rifle, bearing serial number US112649;
- Plum Crazy Firearms, model C15, 5.56x45 caliber rifle, bearing serial number RM13627;
- Citadel, model Boss-25, 12 gauge shotgun, bearing serial number 21-48553;

- Browning, unknown model, 16 gauge shotgun, bearing serial number 2S98953;
- Aero Precision LLC, model M4E1, 5.56x45 caliber pistol, bearing serial number M4-0262284;
- Savage Arms, model 64, .22 caliber rifle, bearing serial number 3044501;
- Gabilondo y Ciavitoria, model Llama Especial, .38 Super caliber pistol, bearing serial number 458645;
- Taurus International, model PT 140 G2, .40S&W caliber pistol, bearing serial number SJY19354;
- Ruger, model LCP II, .380 caliber pistol, bearing serial number 380350010;
- Bond Arms, model Cowboy Defender, .357 magnum caliber pistol, bearing serial number 225926;
- FNH USA, model FN509, 9x19mm caliber pistol, bearing serial number GKS0180614;
- One suspected silencer;
- Variety of assorted ammunition; and
- Variety of assorted magazines and firearm accessories associated with the above firearms.

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10.    **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will move to dismiss, after sentencing, any

remaining charges in the pending indictment or information.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11.    **Violation of agreement**:  The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement.  In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.    **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court.  The defendant further waives the defendant's

right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14.    **Representation of counsel**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.  The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement.  Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15.    **Entirety of agreement**:  This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in

court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this ⟍6⟍ day of February, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
JEFFREY LEE RESENDEZ
Defendant

_____
LEVI THOMAS
Assistant United States Attorney
Texas State Bar No. 24083963
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: Levi.thomas@usdoj.gov

_____
ROBIN MCCARTY
Attorney for Defendant

_____
SHAWN SMITH
Deputy Branch Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
JEFFREY LEE RESENDEZ
Defendant

2-6-25
Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____
ROBIN MCCARTY
Attorney for Defendant

2-6-25
Date

Plea Agreement—Page 8